EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 08/10/2023 04:52 PM
Case Number CVRI2304318 0000066775660 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

1   MICHAEL ALDER (SBN 170381)
    cmalder@alderlaw.com
2   ZULMA A. MUNOZ (SBN 325531)
    zmunoz@alderlaw.com
3   **ALDERLAW, PC**
    12800 Riverside Drive, 2nd Floor
4   Valley Village, CA 91607
    Tel:  (310) 275-9131
5   Fax: (310) 275-9132

6   *Attorneys for Plaintiff,*
    MUHAMMAD ALI KHAN
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF RIVERSIDE**

10  MUHAMMAD ALI KHAN, an individual,          Case No.:  CVRI2304318

11               PLAINTIFF,                      **COMPLAINT FOR DAMAGES:**

12        v.                                     1.  **DISCRIMINATION BASED ON**
                                                     **ASSOCIATIONAL DISABILITY IN**
13  WELLS FARGO & COMPANY dba WELLS                  **VIOLATION OF GOV. CODE § 12940;**
    FARGO BANK, N.A., a California Corporation;   2.  **FAILURE TO PREVENT**
14  JOSE LASZLO, an individual; GREG                 **DISCRIMINATION IN VIOLATION**
    LAPOINTE; an individual; SHERRY PARKS;           **OF GOV. CODE § 12940;**
15  an individual; and DOES 1 through 50,        3.  **INTERFERENCE IN VIOLATION OF**
    inclusive,                                       **FMLA IN VIOLATION OF 29 C.F.R. §**
16                                                   **825.220 OF FMLA REGS., C.F.R. §**
                                                     **825.300 (D)(1), AND GOV. CODE**
17               DEFENDANTS.                         **§ 12945.2 (Q);**
                                                 4.  **FAILURE TO ENGAGE IN**
18                                                   **INTERACTIVE PROCESS IN**
                                                     **VIOLATION OF GOV. CODE §**
19                                                   **12940(N) AND FAILURE TO**
                                                     **PROVIDE REASONABLE**
20                                                   **ACCOMMODATION IN VIOLATION**
                                                     **GOV. CODE § 12940(M);**
21                                               5.  **HOSTILE WORK ENVIRONMENT**
                                                     **CALIFORNIA GOV. CODE §§ 12940**
22                                                   ***et seq.;***
                                                 6.  **HARASSMENT IN VIOLATION OF**
23                                                   **VIOLATION OF FEHA, GOV. CODE**
                                                     **§§ 12940, *et seq.*;**
24                                               7.  **INTENTIONAL INFLICTION OF**
                                                     **EMOTIONAL DISTRESS;**
25                                               8.  **NEGLIGENT INFLICTION OF**
                                                     **EMOTIONAL DISTRESS;**
26                                               9.  **RETALIATION IN VIOLATION OF**
                                                     **GOV. CODE § 12940(H); and**
27                                               10. **WRONGFUL TERMINATION IN**
                                                     **VIOLATION OF PUBLIC POLICY**
28                                                   **GOV. CODE § 12940.**

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1
**COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.   THE PARTIES..................................................................................................4

II.  JURISDICTION AND VENUE ......................................................................5

III. EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS ..........................6

IV.  GENERAL ALLEGATIONS ...........................................................................7

FIRST CAUSE OF ACTION
Discrimination Based on Associational Disability in Violation
of Government Code § 12940
(Against Defendant Wells Fargo) ........................................................................11

SECOND CAUSE OF ACTION
Failure to Prevent Discrimination in Violation of Government Code § 12940
(Against Defendant Wells Fargo) ........................................................................12

THIRD CAUSE OF ACTION
Interference in Violation of FMLA in Violation of 29 C.F.R. § 825.220 of
FMLA Regs., C.F.R. § 825.300 (d)(1), and Government Code § 12945.2 (q)
(Against Defendant Wells Fargo) ........................................................................14

FOURTH CAUSE OF ACTION
Failure to Engage in Interactive Process in Violation of
Government Code § 12940(n) and Failure to Provide Reasonable Accommodation in
Violation Government Code § 12940(m)
(Against Defendant Wells Fargo) ........................................................................15

FIFTH CAUSE OF ACTION
Hostile Work Environment
Government Code §§ 12940 *et seq.*
(Against Defendant Wells Fargo) ........................................................................17

SIXTH CAUSE OF ACTION
Harassment in Violation of Violation of FEHA,
Government Code, *et seq.*
(Against All Defendants) ......................................................................................18

SEVENTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Against All Defendants) ......................................................................................18

EIGHTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress
(Against All Defendants) ......................................................................................19

/ / /

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT**

1

NINTH CAUSE OF ACTION
Retaliation in Violation of Government Code § 12940(h)

2

(Against Defendant Wells Fargo) ...................................................................20

3

TENTH CAUSE OF ACTION
Wrongful Termination in Violation of Public Policy Government Code § 12940

4

(Against Defendant Wells Fargo) ...................................................................21

5

PRAYER FOR RELIEF ...................................................................................23

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT**

Plaintiff MUHAMMAD ALI KHAN, by and through his attorneys of record herein, brings this complaint against DEFENDANTS WELLS FARGO & COMPANY dba WELLS FARGO BANK, N.A., JOSE LASZLO, GREG LAPOINTE, SHERRY PARKS, and DOES 1 through 50 (collectively "DEFENDANTS") as follows:

## I.    THE PARTIES

1.     At all relevant times, Plaintiff MUHAMMAD ALI KHAN (hereinafter referred to as ("PLAINTIFF") is an individual residing in the County of Riverside, State of California. Plaintiff was an employee of Defendant named herein and was subjected to the wrongful conduct alleged herein in Riverside County, California.

2.     Plaintiff is informed and believes and thereon alleges that Defendant WELLS FARGO & COMPANY dba WELLS FARGO BANK, N.A., (hereinafter referred to as "Employer" or "Wells Fargo") was and now is a California Incorporated Corporation, doing business in the County of San Francisco, California, and operating in and under the laws of the State of California.

3.     On information and belief, Defendant JOSE LASZLO (hereinafter referred to as "Mr. Laszlo" or "Laszlo") is an individual and resident of Riverside County, California. At all relevant times herein, Mr. Laszlo was Plaintiff's supervisor, who had the actual and perceived authority to hire and fire Plaintiff, to change the terms and conditions of his employment, and to direct and control the details of his daily work assignments and activities.

4.     On information and belief, Defendant GREG LAPOINTE hereinafter referred to as "Mr. LaPointe" or "LaPointe") is an individual and resident of Riverside County, California. At all relevant times herein, Mr. LaPointe worked as Wells Fargo's Regional Banking District Manager and had the actual and perceived authority to hire and fire Plaintiff, change the terms and conditions of Plaintiff's employment, and to direct and control the details of his daily work assignments and activities.

5.     On information and belief, Defendant SHERRY PARKS (hereinafter referred to as "Ms. Parks" or "Parks") is an individual and resident of Riverside County, California. At all relevant times herein, Ms. Parks worked as Wells Fargo's District Manager and had the actual and

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

perceived authority to change the terms and conditions of Plaintiff's employment, and to direct and control the details of his daily work assignments and activities.

6.     Plaintiff is informed and believes, and thereon alleges, that Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of Defendant Wells Fargo, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

7.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of Defendant Wells Fargo, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by, or under common control with such other Defendants.

8.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants, and/or employees of Defendant Wells Fargo, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now, and/or at all times mentioned in this Complaint, were acting within the course and scope of that agency, servitude and/or employment.

9.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

10.     Defendants, including Does 1 through 50, inclusive, at all times mentioned in this Complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

## II.    JURISDICTION AND VENUE

11.     Jurisdiction is conferred on this Court over each Defendant named herein as each Defendant resides in California, and/or is conducting business in California. Jurisdiction is conferred on this Court as to all Claims for Relief as they arise under state statutory or common law.

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

12.     Venue is proper in Riverside County because: (1) the employment relationship between Plaintiff and Defendant Employer arose and was performed here; (2) the injuries alleged herein occurred here; (3) the unlawful harassment and retaliatory practices alleged were committed here; (4) the records relevant to the unlawful discriminatory practices were maintained and administered here; and (5) Plaintiff would have worked here but for the alleged unlawful practices. This court is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

13.     At all times herein, Plaintiff was duly qualified and did perform his employment duties in a satisfactory manner. Plaintiff performed and was willing to continue to perform all duties and responsibilities on his part to be performed, which duties and responsibilities were part of the employment relationship between Wells Fargo and Plaintiff. At all times, Plaintiff was an "employee" as that term is defined by California Government Code § 12926(c). As an employee of Defendant Wells Fargo, Plaintiff was entitled to all of the benefits provided by Wells Fargo's personnel policies, procedures and practices, and, as well, those confirmed in the by-laws governing said organization. At all times, Defendant Wells Fargo is and was an "employer" within the meaning of California Government Code § 12926(d). Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

### III.     EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

14.     Prior to initiating this Complaint, Plaintiff filed with the Department of Fair Employment and Housing (hereinafter "DFEH"), a Complaint of Harassment, Retaliation, and Wrongful Termination against Defendant Wells Fargo.

15.     On April 27, 2023, the DFEH issued a Notice of Case Closure and Right-to-Sue letter to Plaintiff, authorizing him to file a private lawsuit against Defendants in order to enforce his rights to full and equal employment opportunities free from unlawful discrimination and retaliation. Attached hereto as **Exhibit 1** is the Right-to-Sue letter. Plaintiff has therefore exhausted all administrative remedies as a prerequisite to filing this action.

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

IV.     **GENERAL ALLEGATIONS**

16.     On or about September 1, 2011, Plaintiff started his employment with Wells Fargo. Over the subsequent 10 years, Plaintiff delivered stellar work performance. Plaintiff's work ethic, dedication, and exemplary contributions to Wells Fargo are reflected in the unanimously positive feedback he received on his overall performance in his quarterly, semi-annual, and annual performance reviews. This performance is further reflected in the multiple promotions Plaintiff received during this employment – starting at Wells Fargo in the entry position of Personal Banker, Plaintiff was promoted to RB Private Banker, then to Premier banker, and ultimately to the highest possible position of Senior Branch Premier Banker.

17.     In these capacities, Plaintiff cultivated a large clientele and was persistently one of the highest performers among the other Wells Fargo Branches in his region. This contribution helped to build the Wells Fargo branch where Plaintiff was employed into one of the largest and most affluent branches in the region. Plaintiff's contribution was recognized in the numerous certificates of achievement for performance he received throughout his tenure.

18.     In June 2021, Plaintiff's wife was diagnosed with breast cancer. Plaintiff informed Wells Fargo about his wife's diagnosis and his need to take time off to care for her and their children. After applying and being approved for partial FMLA leave, Plaintiff took his protected partial FMLA leave in July of 2021 and began working the agreed upon 20 hours per week. While on this partial FMLA leave, Plaintiff continued in his pre-existing role at Wells Fargo as there was no change in his ability to perform the exact job duties for which he was responsible.

19.     Soon after, Wells Fargo – the company Plaintiff has dedicated 12 years of his life to – began retaliating against him for taking the protected partial FMLA leave. In September of 2021, for example, Wells Fargo Branch Manager, Jose Laszlo, and Wells Fargo District Manager, Sherry Parks, applied unfounded and unjustified verbal pressure to Plaintiff regarding sales and performance. In accordance with Wells Fargo's Speak Up program and other policies, Plaintiff reported this inappropriate pressure to Wells Fargo Human Resources.

20.     The targeting of Plaintiff continued, and in November of 2021 he was informed that he was being pulled out of Pathways – a Wells Fargo career development program that

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

Plaintiff had begun to attend in the summer of 2021 -- due to his having taken the protected partial FMLA leave. As the Pathways' program agreement stated that accommodation would be made for any unforeseen medical reasons, Plaintiff was assured that he would be re-enrolled in the program in early 2022. Despite this, Plaintiff was never re-enrolled in the Pathways program and no accommodations were offered or provided. To the best of Plaintiff's knowledge, every Premier Banker in the region except for himself had completed the program by 2023.

21.    In December 2021, the retaliation against Plaintiff escalated when Wells Fargo Branch Manager, Jose Laszlo, informed Plaintiff that Wells Fargo was eliminating his position in 2022 and that he should look for alternative employment within or outside of Wells Fargo. Given Plaintiff's proven track record of success, the excellent growth numbers at this particular Wells Fargo branch, and the continuity of Premier Banker positions at many other branches in the region, Plaintiff felt targeted and inquired of Mr. Laszlo the reason for this decision. No reason was provided. Mr. Laszlo continued to harass and retaliate against Plaintiff for minor infractions without consideration that he was on a protected FMLA leave.

22.    In January 2022, retaliation against Plaintiff for taking protected FMLA leave was formalized when Plaintiff's 2021 end of year performance review claimed that he was 'inconsistently meeting' performance goals. This was the first time the overall performance of Plaintiff had ever fallen below 'meeting expectations' or 'exceeding expectations' in his quarterly, semi-annual, or annual performance reviews. As explanation for the poor review, Wells Fargo management explicitly and uniquely cited that Plaintiff's absences due to his protected partial FMLA leave, stating the reasoning as "[b]ecause of the limited time that Ali can work in the branch." Plaintiff was never forewarned that absence and unavailability due to protected FMLA leave would reflect negatively in his performance reviews, nor should they have according to the protections afforded to those on FMLA leave.

23.    Further, the performance numbers used to back the inaccurate claim regarding Plaintiff's performance in his 2021 end of year review undercounted Plaintiff's actual contribution in at least two important ways. First, management had begun to block accreditation that was due to Plaintiff. For example, in the fall of 2021 a Wells Fargo Financial Advisor

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1    invested $650,000 for one of Plaintiff's long-time clients, and then worked with Wells Fargo

2    management to deny the credit that Plaintiff was due. Similarly, significant loans that had closed

3    in 2021 and should have been included in the 2021 performance review had not been.

4        24.    Second, although Plaintiff could not return to work as a full-time employee for

5    most of 2021 due to his partial FMLA leave, neither the performance metrics nor the expectations

6    had been adjusted to accurately reflect this. Rather, Plaintiff's performance was compared to

7    standards set for full-time employees and he was effectively punished for having taken protected

8    partial FMLA leave.

9        25.    In January 2022, Plaintiff alerted Wells Fargo Human Resources to the

10   inaccuracies of the 2021 performance review and the inappropriate punishment levied for having

11   taken protected FMLA leave. The Wells Fargo investigation into this issue concluded around

12   June of 2022, concluding that Plaintiff's claims were not substantiated. The targeting of Plaintiff

13   was clear retaliation for having taken protected FMLA leave, Plaintiff had sought to remedy this

14   with Wells Fargo, and no recourse was provided to him.

15       26.    In March 2022, Plaintiff returned from partial FMLA leave. Despite this, the

16   retaliation and targeting that begin with Plaintiff taking FMLA leave continued. In May and June

17   of 2022, Wells Fargo management denied Plaintiff full credit for an investment made for one of

18   his clients by Wells Fargo Financial Adviser, Issac Orozco. Wells Fargo management continued

19   similar efforts throughout 2022, denying Plaintiff credit where due and denying Plaintiff access to

20   new clientele who clearly fell within the purview of his consumer segment.

21       27.    In July 2022, Plaintiff received a second negative performance review as part of

22   the semi-annual review process. stating that his performance was consistently unsatisfactory. The

23   'needs improvement' review received is the worst possible outcome in the Wells Fargo

24   performance review process. Again, the negative review was unfounded and inaccurate, and was

25   given despite Plaintiff's performance metrics being among the highest in the district. Instead, the

26   review based its result on arbitrary goals and interpretations that are inconsistent with Wells

27   Fargo guidelines for performance reviews. Further, the Wells Fargo guidelines for reviews of

28   managers were not followed, as Wells Fargo management made no attempt to meet with Plaintiff

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

9

**COMPLAINT**

or discuss the review with him prior to submission of the semi-annual review. In August 2022, Plaintiff filed yet another HR complaint documenting the ongoing harassment. The HR investigation concluded in March 2023, failing to identify or 'substantiate any policy violation.'

28.     The harassment and retaliation of Plaintiff by Wells Fargo management escalated further in late 2022 when Wells Fargo Human Resources investigators contacted him, falsely alleging Plaintiff had behaved disrespectfully towards co-workers. Plaintiff requested that camera footage of the alleged incidents be reviewed by the investigator, yet no response was provided. This false and frivolous allegation resulted in Plaintiff receiving a corrective action write-up from management on December 23, 2022 for 'unprofessional behavior' – this was Plaintiff's first corrective action in almost 12 years of employment with Wells Fargo.

29.     In December 2022, Plaintiff was contacted regarding a second Wells Fargo Human Resources investigation, claiming Plaintiff violated company policy by referring clients to a Wells Fargo Financial Advisor outside of Plaintiff's branch. Plaintiff provided the Wells Fargo Human Resources investigator with evidence that this practice was common at Wells Fargo; furthermore, this practice was critical in serving Wells Fargo and its clients well when, as in this case, a Financial Advisor is not meeting the needs and expectations of their branch and clientele. This was indeed the case here, as evidenced by Plaintiff's repeated prior requests from Wells Fargo management to be assigned a new Financial Advisor. These requests went unheeded. Once again, Plaintiff's attempt to discuss the matter with the Wells Fargo Human Resources investigator went unanswered. Once again, Plaintiff received a corrective action write-up based upon the unfounded complaint.

30.     In January 2023, management gave Plaintiff another retaliatory, negative end of year performance review, claiming Plaintiff's performance again 'needs improvement.' Once again, the negative review was based upon inappropriate interpretation of Plaintiff's work performance and ignored his productivity and growth metrics that were favorable relative to others in similar positions in his district.

31.     By this time, Plaintiff's hostile work environment, the retaliatory and discriminatory treatment Plaintiff had endured from Defendant Laszlo and Wells Fargo

10
**COMPLAINT**

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

management, and the unfounded and retaliatory corrective actions and performance reviews received by Plaintiff had led to adverse mental and physical health consequences for him. Inability to sleep, chest pressure, and anxiety led the Plaintiff to multiple CT scans, therapy, and psychiatric treatment. Plaintiff was diagnosed with and was prescribed medication for depression, sleep disorder, and anxiety. Plaintiff feared the consequences for his career and financial well-being if he were to leave the hostile work environment that had been created at Wells Fargo yet had exhausted available avenues for having the retaliation and hostile treatment remediated within Wells Fargo.

32.    Plaintiff was constructively terminated in February, 2023.

33.    The discontinuity is clear. Despite the continuity in Plaintiff's exemplary work performance, Wells Fargo management abruptly altered their treatment of Plaintiff upon his taking protected FMLA leave. Defendant Laszlo singled Plaintiff out and subjected him to different terms and conditions of employment than other employees. Professional development opportunities were uniquely curtailed for Plaintiff. The performance review process became hostile and retaliatory, explicitly citing Plaintiff's protected FMLA leave as grounds for sudden and unprecedented negative performance reviews. Plaintiff suffered as a result of retaliation and discrimination simply because he took protected FMLA leave.

## FIRST CAUSE OF ACTION
**Discrimination Based on Associational Disability in Violation of Government Code § 12940
(Against Defendant Wells Fargo)**

34.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

35.    The California Government Code provides at Section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . (a) For an employer, because of the... physical disability... [or] medical condition of any person . . . to discharge the person from employment... or to discriminate against the person in compensation or in terms, conditions or privileges or employment. . .."

In addition, Government Code Section 12926(o) states, in part:

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

> "[P]hysical disability [and] medical condition . . . includes a
> perception . . . that the person is associated with a person who has,
> or is perceived to have, any of those characteristics."

36.   Defendant Wells Fargo wrongfully and unlawfully terminated Plaintiff because of his association with a disabled person, his wife, and because he needed and requested accommodation in order to care for her medical condition.

37.   As a direct and proximate result of Defendant's acts of discrimination and retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. He has suffered and continues to suffer both physical and non-physical injuries, including severe emotions distress, humiliation, embarrassment, and mental anguish all to his damage in an amount according to proof.

38.   In doing the acts and/or failing to do the acts alleged herein above, Defendants engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to his statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

39.   Code of Civil Procedure § 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to his reasonable attorneys' fees and costs herein incurred.

**SECOND CAUSE OF ACTION**
**Failure to Prevent Discrimination in Violation of Government Code § 12940**
**(Against Defendant Wells Fargo)**

40.   Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

Adler Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

41.     The California Government Code provides at Section 12940, in pertinent part:

> "It shall be an unlawful employment practice. . . (k) For and employer . . . to fail to take all reasonable steps necessary to prevent discrimination… from occurring."

42.     Defendant, Employer, discriminated against Plaintiff because of his association with a disabled person, because he took medical leave and because he requested accommodation.

43.     The behavior, conduct and comments by Defendants, Wells Fargo, and its agents, representatives, and employees, created a work environment that was intimidating, hostile, oppressive and offensive to Plaintiff such that he was deprived of the benefit of a discrimination-free work environment, all in violation of California Government Code §§ 12900, *et seq*. Such conduct included, but was not limited to, subjecting him to unjust criticism and discipline, refusing to accommodate him, refusing to engage in the interactive process and constructively terminating his employment.

44.     Defendants failed to prevent discrimination, failed to halt the offending conduct and failed to engage in a prompt and meaningful investigation of Plaintiff's complaints of discrimination.

45.     As a direct and proximate result of Defendants' acts of discrimination and retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earning and other employment benefits which Plaintiff would have received. He has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment, and mental anguish all to his damage in an amount according to proof.

46.     In doing the acts and/or failing to do the acts alleged herein above, Defendants engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to his statutorily protected rights and in conscious disregards of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

13

**COMPLAINT**

47.     Code of Civil Procedure § 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to his reasonable attorneys' fees and costs herein incurred.

### THIRD CAUSE OF ACTION
**Interference in Violation of FMLA in Violation of 29 C.F.R. § 825.220 of FMLA Regs., C.F.R. § 825.300 (d)(1), and Government Code § 12945.2 (q)**
**(Against Defendant Wells Fargo)**

48.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

49.     Defendant, Employer, is covered by FMLA and employs 50 or more employees within 75 miles of Plaintiff's workplace. Plaintiff was Defendants' employee and was eligible for leave under FMLA. Plaintiff worked for Defendants for more than twelve (12) months and worked at least 1,250 hours for Defendants in the preceding twelve (12) months. Plaintiff requested and took leave under FMLA. Plaintiff provided reasonable notice to Defendants of his need for leave when he requested leave under Government Code § 12945.2 (q).

50.     Defendants recognized that Plaintiff was entitled to leave under FMLA and approved Plaintiff's taking leave. Defendants interfered with Plaintiff's taking of approved leave under FMLA by interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right. Defendants requested and demanded Plaintiff to complete unreasonable work-related tasks while on leave. Defendants mischaracterized and/or provided misinformation to Plaintiff regarding Plaintiff's leave which affected how Plaintiff took his leave. Plaintiff's taking of his leave was considered as a negative during Plaintiff's performance evaluation.

51.     Plaintiff's request for and taking of leave under FMLA was a substantial motivating reason for discriminating, retaliating, and constructively terminating Plaintiff. Defendants discouraged Plaintiff from using such leave. Defendants denied Plaintiff access to a career development program because of Plaintiff taking FMLA leave. Defendants used the taking

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

14

**COMPLAINT**

of FLMA leave as a negative factor in employment actions, such as issuing disciplinary actions, threatening Plaintiff that his position was being eliminated, and negative performance evaluations. Defendant had a duty to adjust performance standards used in their evaluations to prevent Plaintiff from being penalized for his FLMA leave, yet failed to do so.

52.     Plaintiff was harmed, and Defendants' interference with Plaintiff's rights to take leave under FMLA was a substantial factor in causing Plaintiff's harm.

53.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic, non-economic, general, and special damages in a sum according to proof, in an amount exceeding the jurisdictional limits of this Court. In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

54.     Because these wrongful acts were carried out by Defendants acting with malice, oppression or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this complaint, Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

### FOURTH CAUSE OF ACTION
**Failure to Engage in Interactive Process in Violation of
Government Code § 12940(n) and Failure to Provide Reasonable Accommodation in
Violation Government Code § 12940(m)
(Against Defendant Wells Fargo)**

55.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

56.     At all times herein mentioned, California Government Code § 12940 et seq. ("FEHA"), including but not limited to § 12940(n), was in full force and effect and was binding on Defendants. Government Code § 12940(n) states that it is an unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations, by an employee or applicant with a known physical or mental

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

15
**COMPLAINT**

disability or known medical condition." The accommodation that Plaintiff requested was for Defendant, Employer, to permit him to work a reduced schedule so he could take time off to drive his wife to her chemotherapy appointments. However, Wells Fargo refused to accommodate Plaintiff or, in the alternative, engage in an interactive process as required by Government Code § 12940(n). Instead, Wells Fargo punished and disciplined Plaintiff by engaging in unfair evaluation practices to generate overall negative evaluations, resulting in negative health consequences and a constructive resignation.

57.     Defendants knew or had reason to know that Plaintiff' wife had a health condition and that condition prevented him from working. Despite and with that knowledge, Defendants refused to engage in an interactive process, refused to provide a reasonable accommodation for his wife's disability, discriminated against him in the terms, conditions, and privileges of his employment on the basis of his wife's disability, and constructively terminated his employment because of his wife's disability.

58.     Defendants refused to engage in a good faith interactive process to help Plaintiff refused to accommodate him, and instead disciplined him for being absent when he told them it was due to his wife having cancer. Defendants then continued to penalize Plaintiff in violation of the law when he was out sick and then accumulated these illegal penalties to constructively terminate him in violation of FEHA. Instead of accommodating Plaintiff for his need to take time off for his wife's cancer treatments, Defendants disciplined him with written warnings. Defendants continued to illegally accumulate the written warnings against Plaintiff instead of helping him to take time off to get his wife with chemotherapy appointments. Defendants then constructively terminated Plaintiff instead of accommodating him so his wife could heal.

59.     The California Government Code provides at Section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . (m)(2) For an employer…to…retaliate or otherwise discriminate against a person for requesting accommodation…."

60.     As a direct and proximate result of the previously mentioned acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without

limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment Government Code §§ 12940 *et seq.*
### (Against Defendant Wells Fargo)

61.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

62.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from harassing any employee because he or she is part of a protected class.

63.     Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part, after Plaintiff submitted a formal complaint. Pursuant to Government Code § 12923(b), a single incident or harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

64.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

65.     As a proximate result of Defendants' willful knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

66.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code § 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

67.     Defendants' harassment was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**SIXTH CAUSE OF ACTION**
**Harassment in Violation of Violation of FEHA, Government Code § 12940, *et seq.***
**(Against All Defendants)**

68.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

69.     California Government Code provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's complaint. *See* Cal. Gov't Code § 12940.

70.     As alleged above, during Plaintiff 's employment with Defendants, Defendants intentionally engaged in harassment of Plaintiff. Defendants, including through their managers and supervisors, acted in a manner that was antagonistic to Plaintiff and which exhibited harassing motivations, intentions, and consciousness. A reasonable person subjected to the harassing conduct would find, as Plaintiff did, that the harassment so altered Plaintiff's working conditions as to make it more difficult to do his job.

71.     The doctrines of equitable tolling and continuing violations apply to Plaintiff's claim of harassment. *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001) (an employee is not required to file a lawsuit the moment conditions become intolerable for the employee); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

72.     As a proximate result of Defendants' willful, knowing, and intentional harassment against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

**SEVENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

73.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

18
**COMPLAINT**

74.     Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents, and employees, conducted themselves negligently in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The unlawful harassment towards Plaintiff, due to its improper motivations and surrounding circumstances, constitute extreme and outrageous conduct by the Defendants, and each of them.

75.     Through the outrageous conduct described above, Defendants, by and through their principals, agents and employees, intended to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

76.     At all relevant times, Defendants, by and through their principals, agents and employees, created, allowed, permitted, facilitated, or had actual or constructive knowledge of the extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts. As a direct and proximate result of Defendants' negligent acts and conduct, and Defendants' negligent failure to act, Plaintiff has suffered and will continue to suffer depression, emotional distress, and mental pain and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings, wages, and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

77.     The acts of Defendants as alleged herein, were done with oppression and malice, with a conscious disregard for Plaintiff's rights, and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. The other Defendants and/or their officers and/or managing agents authorized, adopted, ratified, and/or approved of the unlawful conduct of Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

### EIGHTH CAUSE OF ACTION
**Negligent Infliction of Emotional Distress**
**(Against All Defendants)**

78.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

79.     Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees, conducted themselves negligently in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The unlawful harassment, retaliation, conduct towards Plaintiff, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendants, and each of them. The specific acts and conduct of Defendants' unlawful sexual harassment towards Plaintiff exceeded the normal risks inherent in the employment relationship. As a direct and proximate result of Defendants' negligent acts and conduct, and Defendants' negligent failure to act, Plaintiff has suffered and will continue to suffer depression, emotional distress, and mental pain and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings, wages, and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

80.     The acts of Defendants, as alleged herein, were done with oppression and malice, with a conscious disregard for Plaintiff's rights, and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. The other Defendants and/or their officers and/or managing agents authorized, adopted, ratified, and/or approved of the unlawful conduct of Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

## NINTH CAUSE OF ACTION
### Retaliation in Violation of Government Code § 12940(h)
### (Against Defendant Wells Fargo)

81.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

82.     At all relevant times herein, Plaintiff and Defendant Wells Fargo were covered by the provisions of the Fair Employment Housing Act ("FEHA"), California Government Code § 12940(h), which states that it is an unlawful employment practice any employer to discharge, expel, or otherwise discriminate against any person because the person has opposed or complained about any discriminatory practices.

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

20

**COMPLAINT**

83.     As a direct and proximate result of said wrongful acts by the Defendants, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

84.     As a direct and proximate result of said wrongful acts by the Defendants, Plaintiff has suffered and will continue to suffer emotional distress, anxiety, worry, humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to his damage in an amount to be proven at time of trial.

85.     As a direct and proximate result of said wrongful acts by the Defendants, Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

86.     The actions of Defendants were done with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Defendants' conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial. Defendant Wells Fargo authorized, condoned, and ratified the unlawful constructive termination of Plaintiff and knowingly and intentionally subjected Plaintiff to a hostile and adverse working environment. Plaintiff therefore seeks punitive damages against Defendants.

## TENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy Government Code § 12940
### (Against Defendant Wells Fargo)

87.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

88.     At all relevant times herein, Government Code § 12940 was binding on Defendants.

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

Alder Law, P.C.
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

89.     The public policy as set forth in Government Code § 12940 declares that it is against the public policy of the State of California to discharge, harass, or discriminate against a person in terms, conditions or privileges of employment.

90.     The public policy as set forth in Government Code § 12940(h) declares that it is against the public policy of the State of California for an employer to discharge, expel, or otherwise discriminate against any employee because the employee has opposed or complained about any discriminatory practices.

91.     These public policies are fundamental and of benefit to the public and are set forth in the Government Code. These statutes and policies are binding on the Defendants.

92.     Plaintiff opposed and complained about Defendant Laszlo's harassment. In retaliation for his protected activity, Defendant Wells Fargo constructively terminated Plaintiff's employment. Defendant Wells Fargo's decision to create a hostile work environment and force Plaintiff to quit on the basis of his opposition to and complaint about the Individual Defendants' harassment violated the public policy of the State of California.

93.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

94.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer mental suffering, emotional distress, shock, grief, depression, anxiety, nervousness, worry, stress, inconvenience, mortification, indignity, fear, fright, terror and ordeal, all to his damage in an amount to be proven at time of trial. As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

95.     The actions of Defendants were done with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Defendants' conduct was

despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for relief against DEFENDANTS as follows:

1.    For economic, non-economic, general and compensatory damages, including but not limited to lost wages and employment benefits at the prevailing rate and other special damages according to proof;

2.    For mental and emotional distress damages;

3.    For punitive and exemplary damages;

4.    For an award of interest, including prejudgement interest, at the legal rate;

5.    For equitable remedies including injunctive and declaratory relief;

6.    For interest accrued to date;

7.    For costs of suit, including reasonable attorneys fees and costs, including expert witness fees, pursuant to California Government Code section 12965(b), and all other applicable laws; and

8.    For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

9.    PLAINTIFF hereby demands a jury trial for the causes of action set forth herein.

Dated:  August 10, 2023

**ALDERLAW, PC**

By: _____
        MICHAEL ALDER
        ZULMA MUNOZ

*Attorneys for Plaintiff*
MUHAMMAD ALI KHAN

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

EEOC Number:     480-2023-00916

Case Name:       Muhammad A. Khan v. Wells Fargo Bank

Filing Date:     April 27, 2023

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

CRD-200-02 (09/2022)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Alder / Zulma Munoz    SBN: 170381 / 325531<br>ALDER LAW, PC<br>12800 Riverside Drive, 2nd Floor, Valley Village, California 91607<br>TELEPHONE NO. 310-275-9131    FAX NO. *(Optional)* 310-275-9132<br>E-MAIL ADDRESS: cmalder@alderlaw.com / zmunoz@alderlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Muhammad Ali Khan | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS 4050 Main Street
MAILING ADDRESS 4050 Main Street
CITY AND ZIP CODE Riverside, 92501
BRANCH NAME Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 08/10/2023 04:52 PM
Case Number CVRI2304318 0000066775561 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jenelle Blackwell, Clerk

**CASE NAME:** Muhammad Ali Khan v. Wells Fargo & Company dba Wells Fargo Bank, N.A., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI2304318<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply).* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Ten (see Attachment A)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 10, 2023
Zulma Munoz
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

# **ATTACHMENT A – SECTION 4**

1. DISCRIMINATION BASED ON ASSOCIATIONAL DISABILITY IN VIOLATION OF GOV. CODE § 12940;

2. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV. CODE § 12940;

3. INTERFERENCE IN VIOLATION OF FMLA IN VIOLATION OF 29 C.F.R. § 825.220 OF FMLA REGS., C.F.R. § 825.300 (D)(1), AND GOV. CODE § 12945.2 (Q);

4. FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF GOV. CODE § 12940(N) AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION GOV. CODE § 12940(M);

5. HOSTILE WORK ENVIRONMENT CALIFORNIA GOV. CODE §§ 12940 et seq.;

6. HARASSMENT IN VIOLATION OF VIOLATION OF FEHA, GOV. CODE §§ 12940, et seq.;

7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

8. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;

9. RETALIATION IN VIOLATION OF GOV. CODE § 12940(H); and

10. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY GOV. CODE § 12940.

Electronically FILED by Superior Court of California, County of Riverside on 08/10/2023 04:52 PM
Case Number CVRI2304318 0000066775662 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Michael Alder / Zulma Munoz          SBN: 170381 / 325531<br>12800 Riverside Drive, 2nd Floor<br>Valley Village, California 91607<br>TELEPHONE NO 310-275-9131      FAX NO (Optional) 310-275-9132<br>E-MAIL ADDRESS (Optional) cmalder@alderlaw.com / zmunoz@alderlaw.com<br>ATTORNEY FOR (Name) Plaintiff Muhammad Ali Khan | |

| PLAINTIFF/PETITIONER: Muhammad Ali Khan | |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo & Company dba Wells Fargo Bank, N.A., et al. | CASE NUMBER:<br>CVRI2304318 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of: 92509

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date August 10, 2023 _____

Zulma Munoz _____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

| | **Page 1 of 1** |
|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev 07/15/21] | **CERTIFICATE OF COUNSEL**     Local Rule 3117<br>riverside.courts.ca.gov/localforms/localfms.shtml |

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## <u>RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS</u>

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### <u>General Policy:</u>
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

### **Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### **Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### **BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### **RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900 Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:

FOR COURT USE ONLY

TELEPHONE NO:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

### <u>SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.</u>

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 08/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Page 1 of 1
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

EXHIBIT B

Electronically FILED by Superior Court of California, County of Riverside on 08/10/2023 04:52 PM
Case Number CVRI2304318 0000066775663 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** WELLS FARGO & COMPANY dba WELLS
*(AVISO AL DEMANDADO):* FARGO BANK, N.A., a California Corporation;
JOSE LASZLO, an individual; GREG LAPOINTE; an individual; SHERRY
PARKS; an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** MUHAMMAD ALI KHAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Riverside<br>4050 Main Street<br>Riverside, California  92501 | CASE NUMBER<br>*(Número del Caso)*<br>CVRI2304318 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Alder / Zulma Munoz
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALDER LAW, PC
12800 Riverside Drive, 2nd Floor, Valley Village, California 91607                                     310-275-9131

| DATE:<br>*(Fecha)*  08/10/2023 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 09/08/2023 10:33 AM
Case Number CVRI2304318 0000069585784 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
MICHAEL T. CAMPBELL, Cal. Bar No. 293376
mcampbell@sheppardmullin.com
EMMA HUSSEMAN, Cal. Bar No. 347097
ehusseman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:    310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.
(erroneously sued as Wells Fargo & Company),
JOSE LASZLO, GREG LAPOINTE, and
SHERRY PARKS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| MUHAMMAD ALI KHAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, dba WELLS FARGO BANK, NATIONAL ASSOCIATION, a California Corporation; JOSE LASZLO, an individual; GREG LAPOINTE, an individual; SHERRY PARKS, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. CVRI2304318<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br><br><br><br><br>Complaint Filed: August 10, 2023 |

Defendants Wells Fargo Bank, N.A.,[1] ("Wells Fargo"), Jose Laszlo, Greg LaPointe, and Sherry Parks, for themselves and no other parties, hereby answers the unverified Complaint of Plaintiff Muhammad Ali Khan ("Plaintiff"), as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Defendants deny, generally and specifically, each and every allegation, statement, and matter, and each purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, deny generally and specifically that Plaintiff has been damaged in any way at all by reason of any acts or omissions of Defendants.

## **ADDITIONAL DEFENSES**

In further answer to Plaintiff's Complaint, Defendants allege the following additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### **FIRST DEFENSE**

### **(Failure to State a Claim)**

1. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted against Defendants.

### **SECOND DEFENSE**

### **(Statutes of Limitations)**

2. To the extent Plaintiff seeks to recover for actions that took place outside the applicable limitations period, his claims are barred by the applicable statutes of limitations, including but not limited to, Government Code sections 12960(d) and 12965(b), Code of Civil Procedure Sections 335.1, 340(a), 337, 339 and 343, and 29 U.S.C. § 2617.

---

[1] Wells Fargo Bank, N.A. employed Plaintiff. Wells Fargo Bank, N.A., is a national banking association and is a citizen of Sioux Falls, South Dakota. Wells Fargo Bank, N.A. is owned by Wells Fargo & Company, which is a publicly traded bank holding company.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**THIRD DEFENSE**

2

**(Beyond the Scope of the Administrative Charge)**

3       3.      To the extent that Plaintiff asserts claims in his Complaint that were not made the

4   subject of a timely complaint filed with the Civil Rights Department ("CRD") as required by

5   Government Code section 12965, the Court lacks jurisdiction with respect to these claims.

6

**FOURTH DEFENSE**

7

**(Failure to Exhaust Administrative Remedies)**

8       4.      To the extent Plaintiff has failed to meet the prerequisites to bringing suit under the

9   California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.*, his claims are

10  barred.

11

**FIFTH DEFENSE**

12

**(Failure to Comply With Employer Instructions)**

13      5.      Plaintiff's claims, or parts thereof, are barred in whole or in part, by Plaintiff's own

14  breach of duties owed to Defendants under California Labor Code sections 2854, 2856, 2857,

15  2858 and/or 2859.

16

**SIXTH DEFENSE**

17

**(Same Action Regardless of Protected Conduct – Mixed Motive)**

18      6.      Defendants deny that they unlawfully discriminated against, harassed, or retaliated

19  against Plaintiff.  Assuming that Plaintiff proves Defendants relied upon an illegal motivation,

20  Defendants would have taken the same action even if it had not relied upon the illegal ground.

21

**SEVENTH DEFENSE**

22

**(Failure to Take Advantage of Preventive/Corrective Opportunities)**

23      7.      Defendants exercised reasonable care to prevent and to correct any unlawfully

24  discriminatory, harassing, and/or retaliatory workplace conduct allegedly experienced by Plaintiff.

25  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities

26  provided by Defendants or to avoid harm otherwise, and thus Plaintiff's claims are barred.

27

28

-2-

**EIGHTH DEFENSE**

**(Failure to Mitigate)**

8.      Defendants are informed and believe and, based thereon, allege that Plaintiff failed to mitigate his purported damages, if any, and to the extent of that failure to mitigate, his claims are barred.

**NINTH DEFENSE**

**(Estoppel)**

9.      Defendants are informed and believe and, based on such information and belief, allege that Plaintiff is estopped by his conduct from recovering any relief by the Complaint or any purported cause of action alleged therein.

**TENTH DEFENSE**

**(Waiver)**

10.      Defendants are informed and believe and, based on such information and belief, allege that by his conduct, Plaintiff has waived any right to recover any relief by the Complaint, or any purported cause of action alleged therein.

**ELEVENTH DEFENSE**

**(Laches)**

11.      Defendants are informed and believe and, based upon such information and belief, alleges, that the Complaint, and each and every claim therein, are barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

**TWELFTH DEFENSE**

**(Consent)**

12.      The alleged conduct of Defendants complained of in the Complaint was approved of, consented to, authorized, and/or ratified by Plaintiff through his actions, omissions and course of conduct; accordingly, the Complaint and each purported cause of action therein are barred.

**THIRTEENTH DEFENSE**

**(Unclean Hands)**

13.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**FOURTEENTH DEFENSE**

**(Workers' Compensation Preemption)**

14.    Insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury based on conduct by Defendants that neither contravenes fundamental California public policy nor exceeds the risks inherent in the employment relationship, such recovery is barred by California Labor Code sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an action or a claim under the Workers' Compensation Act.

**FIFTEENTH DEFENSE**

**(Failure to Engage in the Interactive Process)**

15.    To the extent Plaintiff failed to engage in the interactive process, any reasonable accommodation claim is barred.

**SIXTEENTH DEFENSE**

**(Undue Hardship)**

16.    To the extent that it would be an undue hardship for Wells Fargo to have provided accommodations to Plaintiff for his purported association with an individual suffering from a disability, his claims are barred.

**SEVENTEENTH DEFENSE**

**(After-Acquired Evidence)**

17.    Defendants are informed and believe, and on that basis alleges, that a reasonable opportunity for investigation and discovery will reveal that Plaintiff's causes of action are barred, at least in part, by the doctrine of after-acquired evidence.

**EIGHTEENTH DEFENSE**

**(Outside the Scope of Authority)**

18.     Even if Plaintiff was subjected to unlawful conduct (which Defendants deny), Defendants are not liable for such conduct insofar as it was carried out by agents or employees acting outside the course and scope of their authority and without Defendants authorizing, ratifying, or condoning such acts with actual or constructive knowledge of the unlawful conduct.

**NINETEENTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional)**

19.     Insofar as Plaintiff seeks punitive or exemplary damages in the Complaint, Plaintiff violates the rights of Defendants to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

**TWENTIETH DEFENSE**

**(Non-employing Entities)**

20.     Defendant Wells Fargo & Company did not employ Plaintiff and, therefore, denies that it is liable for Plaintiff's claimed damages in the Complaint.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by his unverified Complaint;

2.      That judgment be entered in favor of Defendants and against Plaintiff;

3.      That Defendants be awarded reasonable attorneys' fees according to proof, if applicable;

4.      That Defendants be awarded the costs of suit incurred herein; and

5.      That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

1   Dated:  September 8, 2023          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3                                      By          /s/ Michael T. Campbell
                                               PAUL BERKOWITZ
4                                              MICHAEL T. CAMPBELL
                                               EMMA HUSSEMAN
5                                              Attorneys for Defendants
                                       WELLS FARGO BANK, N.A., JOSE LASZLO,
6                                       GREG LAPOINTE, and SHERRY PARKS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4895-6725-6957.3          DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

<u>PROOF OF SERVICE</u>

<u>Muhammad Ali Khan v. Wells Fargo Bank</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On September 8, 2023, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**  on the interested parties in this action as follows:

ALDERLAW, PC                                   zmunoz@alderlaw.com
12800 Riverside Drive, 2nd Floor              cmalder@alderlaw.com
Valley Village, CA 91607

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**X BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address gschemerhorn@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2023, at Los Angeles, California.


                                        /s/ Gina E. Schemerhorn
                                    Gina E. Schemerhorn

SMRH:4895-6725-6957.3          DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT